**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-01887 |
| | ) | |
| v. | ) | |
| | ) | |
| **Lloyd Johnson,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## THIRD AMENDED COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), and for its Third Amended Complaint against the Defendant, Lloyd Johnson, states as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.; Plaintiff brings this action to stop Defendant from infringing, promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights (collectively "Flava Works' Intellectual Property") on the Internet.

2. Plaintiffs bring this action to stop Defendant from continuing to encourage, enable and contribute to the infringement of Plaintiffs copyrights on the Internet. Defendant joined Flava Works' paid membership-only websites, agreed to Flava Works' terms and services. On information and belief, in violation of the agreed to terms and services, Defendant downloaded copyrighted videos owned by Flava Works, and copied and distributed the aforesaid copyrighted videos, via a peer to peer technology and via a publicly accessible online file storage site.

## THE PARTIES

3.     Plaintiff is incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127 and in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

4.     On information and belief, Defendant, Lloyd Johnson, resides in West Hartford, Connecticut.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

6.     On information and belief, Defendant actively target the Illinois market and consumers.

7.     This Court has jurisdiction over Defendant, because Defendant is subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

9.     Defendant joined as a paid member of Plaintiff's websites. As part of the paid membership, Defendant agreed that:

11. Miscellaneous

11.1. This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida or Miami-Dade County, Florida.  Exhibit "A".

**FACTS**

10. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: FlavaMen.com, CocoBoyz.com, CocoDorm.com,Thugboy.com, PapiCock.com, RawRods.com, and Mixitupboy.com, among others.

11. Defendant was a paid member of the following websites of the Plaintiff: FlavaMen.com, CocoBoyz.com, CocoDorm.com,Thugboy.com, PapiCock.com, RawRods.com, and Mixitupboy.com. A copy of Defendant's website subscriptions is attached as Exhibit "B". The website subscription for the Defendant includes his IP address, his phone number, his email address, and his personal user name and password.

12. On information and belief, the IP address used for Defendant's sign up is registered to AT&T Uverse Internet services and is located in West Hartford, Connecticut, the same city and address provided by Defendant. Attached as Exhibit "C" is a screenshot of a website that locates IP addresses by city and state. http://whatismyipaddress.com/

13. Defendant agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of Flava Works. Copies of Flava Works' terms and conditions are attached as Group Exhibit "A".

14. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

15. Plaintiff has applied for or has registered various copyrights for its works, including the works that were infringed on in this case.

16. On information and belief, Defendant infringed on the following 9 copyrighted full length videos of the Plaintiff:

| **VIDEO** | **COPYRIGHT REGISTRATION NUMBER** | **EFFECTIVE DATE OF COPYRIGHT REGISTRATION** |
|---|---|---|
| Blain Tutera+Noah Shyboy Jackson | PA 1-779-325 | 9/16/2011 |
| CodyKyler+Malo | PA 1-779-325 | 9/16/2011 |
| Golden Secret+Tony Royce | PA 1-779-325 | 9/16/2011 |
| Anthony Avery+Usher Richbanks | PA 1-779-325 | 9/16/2011 |
| ChristianXavier+Dupree | PA 1-779-325 | 9/16/2011 |
| Breion Diamond+Levi Summers | PA 1-748-164 | 8/12/2011 |
| Billy Baxter+DaddyCream | PA 1-748-164 | 8/12/2011 |
| Cayden Cooper+Cody Kyler+Deangelo Jackson | PA 1-687-7480 | 6/24/2010 |
| Deangelo Jackson+Lil Niz | VA 1-760-400 | 2/7/2011 |

See attached Group Exhibit "D"

17. On information and belief, Defendant distributed the above-mentioned files by making them available on websites via peer to peer technology and/or via publicly accessible online file storage site. Attached as Group Exhibit "E" are REDACTED screenshots of websites where these videos were being distributed.

18. On information and belief, videobam.com where some of the videos were found, is publicly accessible online file storage site. Videos are uploaded onto videobam.com, a copy of

the video is made and resides on these site's servers, and third party users can download copies of the videos.

19. Copies of Plaintiff's copyrighted videos that were found being distributed on videobam.com contained a unique embedded code that was assigned to Defendant when he joined as a paid member of Plaintiff's website.

20. Plaintiff has proprietary software that assigns a unique encrypted code to each member of Plaintiff's paid websites.

21. In this case, every time the Defendant downloaded a copy of a copyrighted video from Plaintiff's website, it inserts an encrypted code that is only assigned to Defendant. In this case, the encrypted code for Defendant is: "yyblqw ". A copy of the screenshot of the code from one of the copyrighted video that was distributed on the Internet is attached as Exhibit "F".

22. On information and belief, several of Plaintiff's copyrighted videos were found on a website called gay-torrents.net using peer to peer technology to make copies of movies. In this case, the copyrighted video being copied would actually reside on the computer of the person who is distributing the video.

23. In this case, the copyrighted videos that were being distributed on the gay-torrents.net website all contained the unique encryption code assigned to Defendant: "yyblqw".

24. All copyrighted videos of the Plaintiff with Defendant's unique encryption code were found on the aforesaid sites.

25. On information and belief, Plaintiff's copyrighted videos were downloaded thousands of time by third parties. Group Exhibit "E".

26. By "posting" and "distributing" with regard , videobam.com, Plaintiff means that on information and belief, Defendant uploaded a copy of Plaintiff's copyrighted videos to the Internet be distributed to third parties.

28. By "posting" and "distributing" with regard to gay-torrents.com, Plaintiff means that on information and belief, Defendant created a torrent or peer to peer file, uploaded the torrent file onto the Internet, and allows third parties to connect to Defendant's computer using peer to peer technology. The copyrighted video resides on Defendant's computer.

29. As a result of Defendant' conduct, third parties were able to download the copyrighted videos, without permission of Flava Works.

30. On information and belief, Plaintiff's copyrighted videos with Defendnat's unique identifying encryption code have been found on several other publicly accessible file sharing and file storage sites.

## COUNT I

**(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)**

1-29. Plaintiff incorporates and re-alleges paragraphs 1-29 of this Complaint as paragraphs 1-29 of Count I.

30. As previously stated, by "posting" and "distributing" with regard to Hotfile.com and all-i-luv.blogspot.com, Plaintiff means that on information and belief, Defendant uploaded a copy of Plaintiff's copyrighted videos on the Internet to be distributed to third parties.

31. On information and belief, the copyrighted video would reside on the , videobam.com servers.

32. As previously stated, by "posting" and "distributing" with regard to gay-torrents.com, Plaintiff means that on information and belief, Defendant created a torrent or peer to peer file, uploaded the torrent file onto the Internet, and allows third parties to connect to Defendant's computer using peer to peer technology.

33. On information and belief, the copyrighted video would reside on Defendant's computer using the torrent or peer to peer file technology.

34. Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

35. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

36. Defendants' aforesaid activities constitute infringement of Plaintiff's copyrighs.

37. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

**(Contributory Copyright Infringement.)**

1-29. Plaintiff incorporates and re-alleges paragraphs 29 of this Complaint as paragraphs 1-29 of Count II.

30. On information and belief, third parties downloaded copyrighted videos of the Plaintiff on , videobam.com and gay-torrents.net. See Group Exhibit "E".

31. All copyrighted videos of the Plaintiff contained Defendant's unique encryption code.

32. On information and belief, , videobam.com and gay-torrents.net are publicly accessible website. Defendant knew or should have known that he was making copyrighted videos available for downloading or distribution to third parties and members of the general public.

33. Defendant knew or should have known that as a paid member of Plaintiff's websites, Defendant had agreed to terms and conditions that prohibited him from making these copyrighted videos available for download or distribution by third parties:

> 1.3. Copying or storing of any Content for any purpose other than your personal, noncommercial use as part of the Service is expressly prohibited without the prior written permission from Flava Works' Rights and Permissions Department, or the copyright holder identified in the individual Content's proprietary rights notices. For purposes of clarification, but not limitation, including any Content (in whole or in part) on your personal website, when it is accessible to any other person, is not a personal use and is not permitted. Exhibit "A".

34. On information and belief, , videobam.com and gay-torrents.net are file sharing sites. Defendant knew or should have known that third parties used these sites to share files, upload files, download files, copy files, or distributed files.

35. As previously stated, on information and belief, Plaintiff's copyrighted videos were downloaded thousands of time by third parties:

36. Defendant materially contributed to the infringement when he uploaded or distributed the copyrighted videos on the Internet on sites that are publicly accessible and used by third parties to distribute or share videos.

37. Defendant knew or should have known that third parties would infringe by copying or downloading the copyrighted videos when he breached Plaintiff's terms and

conditions by uploading or distributing a copyrighted video on a publicly accessible file storage or file sharing website on the Internet.

38. On information and belief, Plaintiff would not have uploaded a video to a publicly accessible website just to download the same video hundreds or thousands of times.

39. On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Flava Works' Intellectual Property by copying, posting, and/or distributing Flava Works' copyrighted videos without permission.

40. On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

41. On information and belief, Defendant downloaded Plaintiff's copyrighted videos and distributed the aforesiad copyrighted videos on the Internet. Defendant had the ability to control and stop the infringing activity by ceasing in the activity. But Defendant chose not to.

43. Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

44. As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendant.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and his aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

   a. Restraining and enjoining Defendant from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

   b. Restraining and enjoining Defendant from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

   c. Restraining and enjoining Defendant from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

    d.    Restraining and enjoining Defendant from otherwise using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

    e.    Restraining and enjoining Defendant from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

3. Requiring Defendant to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Disgorging Defendant of any profits they may have made as a result of his infringement of Flava Works' Intellectual Property;

5. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendant's infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

6. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendant;

7. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8. In the alternative, awarding Plaintiff statutory damages pursuant to the Copyright Act and the Lanham Act;

9. In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

10. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files containing Plaintiff's Intellectual Property;

11. Requiring Defendant to deliver up for destruction all of Plaintiff's Intellectual Property.

12. Awarding punitive damages.

13. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  Respectfully Submitted,

September 4, 2012  /s/ Meanith Huon

Meanith Huon

Flava Works, Inc.
933 W. Irving Pk. Rd., Ste. C
Chicago, IL 60613

PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 4th day of September, 2012, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S PROPOSED THIRD AMENDED COMPLAINT** by causing copies of same to be served electronically on all counsel of record who have appeared in this case.

              /s/Meanith Huon_____
              Meanith Huon
              PO Box 441
              Chicago, Illinois 60690
              Phone: (312) 405-2789
              E-mail: huon.meanith@gmail.com
              IL ARDC. No.: 6230996