IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Flava Works, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-01887 |
| ) | |
| v. ) | |
| ) | Hon. Judge Joan B. Gottschall |
| Lloyd Johnson, ) | |
| ) | |
| Defendant. ) | |

ANSWER OF DEFENDANT LLOYD JOHNSON TO
PLAINTIFF'S THIRD AMENDED COMPLAINT

Now comes, Defendant LLOYD JOHNSON ("Defendant"), by and through his attorneys, Saper Law Offices, LLC to answer Plaintiff's Third Amended Complaint against him alleging copyright infringement, and denies any and all such allegations, and further admits or denies the specific allegations of the Complaint, as follows:

NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.; Plaintiff brings this action to stop Defendant from infringing, promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights (collectively "Flava Works' Intellectual Property") on the Internet.

ANSWER: Defendant admits that this is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.; Defendant denies each and every other allegation in Paragraph 1.

2. Plaintiffs bring this action to stop Defendant from continuing to encourage, enable and

contribute to the infringement of Plaintiffs copyrights on the Internet. Defendant joined Flava Works' paid membership-only websites, agreed to Flava Works' terms and services. On information and belief, in violation of the agreed to terms and services, Defendant downloaded copyrighted videos owned by Flava Works, and copied and distributed the aforesaid copyrighted videos, via a peer to peer technology and via a publicly accessible online file storage site.

ANSWER: Defendant admits that he joined Flava Works' websites. Defendant denies each and every other allegation in Paragraph 2.

## THE PARTIES

3. Plaintiff is incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127 and in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 3.

4. On information and belief, Defendant, Lloyd Johnson, resides in West Hartford, Connecticut.

ANSWER: Defendant admits the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 et seq..

ANSWER: Defendant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338. Defendant denies each and every other allegation in Paragraph 5.

6. On information and belief, Defendant actively target [*sic*] the Illinois market

and consumers.

ANSWER: Defendant denies the allegations in Paragraph 6.

7. This Court has jurisdiction over Defendant, because Defendant is subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

ANSWER: Defendant denies the allegations in Paragraph 7.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

ANSWER: Defendant denies the allegations of Paragraph 8.

9.Defendant joined as a paid member of Plaintiff's websites. As part of the paid membership, Defendant agreed that:

11. Miscellaneous

11.1. This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida or Miami-Dade County, Florida. Exhibit "A".

ANSWER: Defendant admits that he joined as a paid member of Plaintiff's websites. Defendant denies each and every other allegation in Paragraph 9.

## FACTS

10.     Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media. Plaintiff distributes

3

its adult entertainment through various distributors and licensees, as well as through its websites: FlavaMen.com, CocoBoyz.com, CocoDorm.com, Thugboy.com, PapiCock.com, RawRods.com, and Mixitupboy.com, among others.

ANSWER: Defendant admits that Plaintiff produces adult entertainment in the form of websites and other media. Defendant lacks information sufficient to form a belief as to each and every other fact alleged in Paragraph 10.

11. Defendant was a paid member of the following websites of the Plaintiff: FlavaMen.com, CocoBoyz.com, CocoDorm.com, Thugboy.com, PapiCock.com, RawRods.com, and Mixitupboy.com. A copy of Defendant's website subscription is attached as Exhibit "B". The website subscription for the Defendant includes his IP address, his phone number, his email address, and his personal user name and password.

ANSWER: Defendant admits that he was a paid member of the websites FlavaMen.com, CocoBoyz.com, CocoDorm.com, Thugboy.com, PapiCock.com, RawRods.com, and Mixitupboy.com. Defendant lacks information sufficient to form a belief as to each and every other fact alleged in Paragraph 11.

12. On information and belief, the IP address used for Defendant's sign up is registered to AT&T Uverse Internet services and is located in West Hartford, Connecticut, the same city and address provided by Defendant. Attached as Exhibit "C" is a screenshot of a website that locates IP addresses by city and state. http://whatismyipaddress.com/

ANSWER: Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 12.

13. Defendant agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of Flava Works. Copies of Flava Works' terms and conditions are attached as Exhibit "A".

ANSWER: Defendant denies that he agreed to the terms and conditions of the site or that he would not copy and distribute copyrighted videos of Flava Works. Defendant lacks information sufficient to form a belief as to each and every other fact alleged in Paragraph 13.

14. Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 14.

15. Plaintiff has applied for or has registered various copyrights for its works, including the works that were infringed on in this case.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 15.

16. On information and belief, Defendant infringed on the following 9 copyrighted full length videos of the Plaintiff:

| VIDEO | COPYRIGHT REGISTRATION NUMBER | EFFECTIVE DATE OF COPYRIGHT REGISTRATION |
|---|---|---|
| Blain Tutera+Noah Shyboy Jackson | PA 1-779-325 | 9/16/2011 |
| CodyKyler+Malo | PA 1-779-325 | 9/16/2011 |
| Golden Secret+Tony Royce | PA 1-779-325 | 9/16/2011 |
| Anthony Avery+Usher Richbanks | PA 1-779-325 | 9/16/2011 |
| ChristianXavier+Dupree | PA 1-779-325 | 9/16/2011 |
| Breion Diamond+Levi Summers | PA 1-748-164 | 8/12/2011 |
| Billy Baxter+DaddyCream | PA 1-748-164 | 8/12/2011 |
| Cayden Cooper+Cody Kyler+Deangelo Jackson | PA 1-687-7480 | 6/24/2010 |
| Deangelo Jackson+Lil Niz | VA 1-760-400 | 2/7/2011 |

See attached Group Exhibit "D".

ANSWER: Defendant denies the allegations contained in Paragraph 16.

17. On information and belief, Defendant distributed the above-mentioned files by making them available on websites via peer-to-peer technology and/or via publicly accessible online file storage site. Attached as Group Exhibit "E" are screenshots of websites where these videos were being distributed.

ANSWER: Defendant denies the allegations contained in Paragraph 17.

18. On information and belief, videobam.com, where several of the videos were found, is publicly accessible online file storage site. Videos are uploaded onto videobam.com, a copy of the video is made and resides on these site's servers, and third party users can download

6

copies of the videos.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 18.

19. Copies of Plaintiff's copyrighted videos that were found being distributed on the aforesaid file storage sites contained a unique embedded code that was assigned to Defendant when he joined as a paid member of Plaintiff's website.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 19.

20. Plaintiff has proprietary software that assigns a unique encrypted code to each member of Plaintiff's paid websites.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 20.

21. In this case, every time the Defendant downloaded a copy of a copyrighted video from Plaintiff's website, it inserts an encrypted code that is only assigned to Defendant. In this case, the encrypted code for Defendant is: "yyblqw". A copy of the screenshot of the code from one of the copyrighted videos that was distributed on the Internet is attached as Exhibit "F".

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 21.

22. On information and belief, several of Plaintiff's copyrighted videos were found on

a website called gay-torrents.net using peer-to-peer technology to make copies of movies. In this case, the copyrighted video being copied would actually reside on the computer of the person who is distributing the video.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 22.

23. In this case, the copyrighted videos that were being distributed on the gay- torrents.net website all contained the unique encryption code assigned to Defendant: "yyblqw".

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 23.

24. All copyrighted videos of the Plaintiff with Defendant's unique encryption code were found on the foresaid sites.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 24.

25. On information and belief, Plaintiff's copyrighted videos were downloaded thousands of time by third parties. Group Exhibit "E"

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 25.

26. By "posting" and "distributing" with regard , [*sic*] videobam.com, Plaintiff means that on information and belief, Defendant uploaded a copy of Plaintiff's copyrighted videos to be distributed to third parties.

ANSWER: Defendant denies the allegations contained in Paragraph 26.

28. By "posting" and "distributing" with regard to gay-torrents.com, Plaintiff means that on information and belief, Defendant created a torrent or peer-to-peer file, uploaded the torrent file onto gay-torrents.com, and allows third parties to connect to Defendant's computer using peer-to-peer technology. The copyrighted video resides on Defendant's computer.

ANSWER: Defendant denies the allegations contained in Paragraph 28.

29. As a result of Defendant' [*sic*] conduct, third parties were able to download the copyrighted videos, without permission of Flava Works.

ANSWER: Defendant denies the allegations contained in Paragraph 29.

30. On information and belief, Plaintiff's copyrighted videos with Defendant's unique identifying encryption code have been found on several other publicly accessible file sharing and file storage sites.

ANSWER: Defendant lacks information sufficient to form a belief as to the facts alleged in Paragraph 30.

## COUNT I

(Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)

1-29. Plaintiff incorporates and re-alleges paragraphs 1-29 of this Complaint as paragraphs 1-29 of Count I.

ANSWER: Defendant repeats and realleges the answers to ¶¶ 1-29 as if fully set forth herein.

30. As previously stated, by "posting" and "distributing" with regard to Hotfile.com and all-i-luv.blogspot.com, Plaintiff means that on information and belief, Defendant uploaded a copy

9

of Plaintiff's copyrighted videos on the Internet to be distributed to third parties.

ANSWER: Defendant denies the allegations contained in Paragraph 30.

31. On information and belief, the copyrighted video would reside on the videobam.com servers.

ANSWER: Defendant denies the allegations contained in Paragraph 31.

32. As previously stated, by "posting" and "distributing" with regard to gay-torrents.com, Plaintiff means that on information and belief, Defendant created a torrent or peer to peer file, uploaded the torrent file onto the Internet, and allows third parties to connect to Defendant's computer using peer to peer technology.

ANSWER: Defendant denies the allegations contained in Paragraph 32.

33. On information and belief, the copyrighted video would reside on Defendant's computer using the torrent or peer-to-peer file technology.

ANSWER: Defendant denies the allegations contained in Paragraph 33.

34. Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

ANSWER: Defendant denies the allegations contained in Paragraph 34.

35. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

ANSWER: Defendant denies each and every allegation contained in Paragraph 35.

36. Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

ANSWER: Defendant denies the allegations in Paragraph 36.

37. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

ANSWER: Defendant denies the allegations in Paragraph 37.

## COUNT II[1]

### (Contributory Copyright Infringement)

1-29. Plaintiff incorporates and re-alleges paragraphs 30 of this Complaint as paragraphs 1-29 of Count II.

ANSWER: Defendant repeats and realleges the answers to ¶¶ 1-29 as if fully set forth herein.

30. On information and belief, third parties downloaded copyrighted videos of the Plaintiff on , videobam.com and gay-torrents.net. See Group Exhibit "E".

ANSWER: Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 30 of Count II.

31. All copyrighted videos of the Plaintiff contained Defendant's unique encryption code.

ANSWER: Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 32 of Count II.

---

[1] The instant Answer repeats paragraph numbers 31-38 so as to correspond to the Third Amended Complaint.

11

32. On information and belief, videobam.com and gay-torrents.net are publicly accessible website [*sic*]. Defendant knew or should have known that he was making copyrighted videos available for downloading or distribution to third parties and members of the general public.

ANSWER: Defendant denies the allegations in Paragraph 32 of Count II.

33. Defendant knew or should have known that as a paid member of Plaintiff's websites, Defendant had agreed to terms and conditions that prohibited him from making these copyrighted videos available for download or distribution by third parties:

> 1.3. Copying or storing of any Content for any purpose other than your personal, noncommercial use as part of the Service is expressly prohibited without the prior written permission from Flava Works' Rights and Permissions Department, or the copyright holder identified in the individual Content's proprietary rights notices. For purposes of clarification, but not limitation, including any Content (in whole or in part) on your personal website, when it is accessible to any other person, is not a personal use and is not permitted.  Exhibit "A".

ANSWER: Defendant denies the allegations in Paragraph 33 of Count II.

34. On information and belief, , [*sic*] videobam.com and gay-torrents.net are file-sharing sites. Defendant knew or should have known that third parties used these sites to share files, upload files, download files, copy files, or distributed files.

ANSWER: Defendant lacks information sufficient to form a belief as to the allegation that videobam.com and gay-torrents.net are file-sharing sites. Defendant denies all other allegations in Paragraph 34 of Count II.

12

35. As previously stated, on information and belief, Plaintiff's copyrighted videos were downloaded thousands of time by third parties.

ANSWER: Defendant lacks information sufficient to form a belief as to the allegations Paragraph 35 of Count II.

36. Defendant materially contributed to the infringement when he uploaded or distributed the copyrighted videos on the Internet on sites that are publicly accessible and used by third parties to distribute or share videos.

ANSWER: Defendant denies the allegations in Paragraph 36 of Count II.

37. Defendant knew or should have known that third parties would infringe by copying or downloading the copyrighted videos when he breached Plaintiff's terms and conditions by uploading or distributing a copyrighted video on a publicly accessible file storage or file sharing website.

ANSWER: Defendant denies the allegations in Paragraph 37 of Count II.

38. On information and belief, Plaintiff would not have uploaded a video to a publicly accessible website just to download the same video hundreds or thousands of times.

ANSWER: Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 38 of Count II.

39. On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Flava Works' Intellectual Property by copying, posting, and/or distributing Flava Works' copyrighted videos without permission.

13


ANSWER: Defendant denies the allegations in Paragraph 39 of Count II.

40. On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

ANSWER: Defendant denies the allegations in Paragraph 40 of Count II.

41. On information and belief, Defendant downloaded Plaintiff's copyrighted videos and distributed the aforesaid videos on the Internet. Defendant had the ability to control and stop the infringing activity by ceasing in the activity. But Defendant chose not to.

ANSWER: Defendant denies the allegations in Paragraph 41 of Count II.

43. Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

ANSWER: Defendant denies the allegations in Paragraph 43 of Count II.

44. As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

ANSWER: Defendant denies the allegations in Paragraph 44 of Count II.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;

2. For an order that Plaintiff's shall take no relief from their complaint herein;

3. For an award of Defendant's costs and attorneys' fees herein incurred; and

4. For such further and other relief and the Court deems just and proper.

|  |  |
|---|---|
| Dated: November 30, 2012 | Respectfully submitted, |
|  | Defendant Lloyd Johnson |
|  | By: /s/ Daliah Saper<br>Daliah Saper,<br>Saper Law Offices, LLC<br>505 N. LaSalle Suite 350<br>Chicago, Illinois  60654<br>(312) 527-4100<br>IL ARDC. No.: 6283932<br>dsaper@saperlaw.com |

15

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2012, I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Third Amended Complaint, by causing copies of same to be served electronically on all counsel of record who have appeared in this case.

                                      Respectfully submitted,

                                      /s/ Daliah Saper

                                      Daliah Saper,
                                      Saper Law Offices, LLC
                                      505 N. LaSalle Suite 350
                                      Chicago, Illinois 60654
                                      (312) 527-4100
                                      IL ARDC. No.: 6283932
                                      dsaper@saperlaw.com